938 F.2d 84
 Jack L. THULEN, Plaintiff-Appellee,
v.
Marvin BAUSMAN, individually and in his official capacity as
Sheriff of Carroll County, Illinois, Defendant-Appellant.
Derrell E. UPTON, Plainitff-Appellee,
v.
Bernie C. THOMPSON, individually and in his capacity as
Sheriff of Kankakee County, Defendant-Appellant.
 Nos. 89-3627, 90-1559.
 United States Court of Appeals,
Seventh Circuit.
 July 26, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division. No. 88 C 20370--Stanley J. Roszkowski, Judge.
 Appeal from the United States District Court for the Central District of Illinois, Danville Division. No. 87 C 2176--Harold A. Baker, Chief Judge.
 
 
 1
 Prior report: 930 F.2d 1209 (7 Cir.1991).
 
 
 2
 Timothy T. McLaughlin, Oak Lawn, Ill., for Jack L. Thulen.
 
 
 3
 Marilyn Longwell, Charmaine E. Dwyer, Kerr & Longwell, Chicago, Ill., for Derrell E. Upton.
 
 
 4
 Charles E. Hervas, James G. Sotos, James R. Schirott, Michael W. Condon, Schirott & Associates, Itasca, Ill., Richard R. Haldeman, Williams & McCarthy, Rockford, Ill., for Marvin Bausman.
 
 
 5
 Charles E. Hervas, James G. Sotos, Michael W. Condon, Phillip A. Luetkehans, Schirott & Associates, Itasca, Ill., for Bernie C. Thompson.
 
 
 6
 ON PETITION FOR REHEARING AND REHEARING EN BANC
 
 
 7
 Plaintiffs-Appellees Jack L. Thulen and Derrell E. Upton filed petitions for rehearing and suggestions for rehearing en banc on May 6, 1991 and May 21, 1991 respectively. All members of the panel voted to deny the petitions for rehearing. A vote of the active members of the court was requested, and a majority of the active judges have voted to deny a rehearing en banc. Circuit Judges Wood, Jr., Cudahy, Posner, and Ripple voted to grant rehearing en banc. The petition for rehearing is therefore DENIED.
 
 
 8
 RIPPLE, Circuit Judge, with whom WOOD, Jr., CUDAHY, and POSNER, Circuit Judges, join, dissenting.
 
 
 9
 I respectfully dissent from the denial of rehearing en banc. In both cases, sheriffs appealed the denial of qualified immunity on motions for summary judgment. Such appeals are deemed immediately appealable under Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). The panel holds that "since the law was not clearly established in 1986 the sheriffs in these cases are protected by qualified immunity." Upton v. Thompson, 930 F.2d 1209, 1218 (7th Cir.1991). But, despite the quasi-interlocutory nature of the appeal, the panel does not stop there. Rather, it goes on to hold that "deputy sheriffs operate with a sufficient level of autonomy and discretionary authority to justify a sheriff's use of political considerations when determining who will serve as deputies." Id.
 
 
 10
 The plaintiffs contend that this latter holding was beyond the scope of proper appellate review. See Upton's petition for rehearing at 13-15; cf. Thulen's petition for rehearing at 3-4 (contending that panel opinion improperly decided appeal despite disputed factual issues). I recognize that there is precedent to support this court's authority to exercise discretionary jurisdiction over aspects of the case other than the immunity defense itself. There are indeed instances in which a pure question of law is presented, see Siegert v. Gilley, --- U.S. ----, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991), or in which considerations of judicial economy make such a course manifestly reasonable. See Dube v. State Univ. of New York, 900 F.2d 587, 598 (2d Cir.1990). Nonetheless, such discretion should be exercised sparingly. In this case, the panel has used the qualified immunity appeal to hand down a sweeping advisory opinion on the power of sheriffs to fire their deputies. Although--perhaps because--it is so sweeping, its scope is also unclear. Does it apply only throughout Illinois, or perhaps throughout the Seventh Circuit? Only when deputies are politically active, or whenever they have political allegiances that differ from those of their superiors? More fundamentally, the panel opinion fails to reconcile its result with cases that hold that whether a particular government position has functional attributes that trigger first amendment protection is an issue of fact.[1] Indeed, the panel's second holding rests largely on citations to Livas v. Petka, 711 F.2d 798 (7th Cir.1983), a case in which this court was reviewing findings entered by the district court after a full bench trial.
 
 
 11
 The panel's decision on the qualified immunity issue is correct. The remainder of the decision raises serious questions of methodology and substance. The entire court should determine: 1) when it is appropriate to go beyond the qualified immunity issue on interlocutory appeal; 2) whether we shall abandon our precedent requiring findings tailored to the particular position at stake; and 3) whether the broad holding of the panel ought to govern cases other than this one.
 
 
 
 [1]
 See Soderbeck v. Burnett County, 752 F.2d 285, 288-89 (7th Cir.), cert. denied, 471 U.S. 1117, 105 S.Ct. 2360, 86 L.Ed.2d 261 (1985); Shondel v. McDermott, 775 F.2d 859, 864 (7th Cir.1985) ("Everyone seems to have assumed that as the head of a major city department Kwolek must have been a policy-making officer, but we hesitate to so hold as a matter of law without any evidence about the structure of Hammond city government."); Nekolny v. Painter, 653 F.2d 1164, 1169 (7th Cir.1981) ("the trial judge erred in deciding as a matter of law that Dumas did not occupy a policymaking position"), cert. denied, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 139 (1982); Stegmaier v. Trammell, 597 F.2d 1027, 1034 n. 8 (5th Cir.1979) ("the question of whether an employee is a policymaker or falls within the policymaker, confidential employee exception to Elrod [v. Burns,] 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) is a question of fact") (citing cases). But see Terry v. Cook, 866 F.2d 373, 377 (11th Cir.1989) (affirming Rule 12(b)(6) dismissal of section 1983 claim brought by deputy sheriffs); Jones v. Dodson, 727 F.2d 1329, 1338 (4th Cir.1984) (holding as matter of law that deputy sheriff could not be discharged solely because of party affiliation)